Thos. R. Willis and B. F. Sullivan *v.* Sarah M. Willis.

THOS. R. WILLIS and B. F. SULLIVAN *v.* SARAH M. WILLIS.

ESTOPPEL. *Admissions by bill followed by a decree.* The admission contained in a bill for the confirmation of a division of property, that a note, given for the difference in the value of the shares, was paid, and a recital in the final decree of the fact of such payment, upon which recital, among other things, the Court based its decree confirming the division, are conclusive of the payment as against the complainant, and a holder of the note to whom he had traded it after the filing of the bill, and after the maturity of the note, and by delivery without endorsement.

Case cited: Hamilton *v.* Zimmerman, 5 Sneed, 47.

FROM WILSON.

Appeal from the Chancery Court. CHAS. G. SMITH, Chancellor.

B. J. TARVER for Thos. R. WILLIS.

JORDAN and JAMES F. STOKES and HEAD & SONS for Sarah M. Willis.

FREEMAN, J., delivered the opinion of the Court.

This bill is filed to enforce a vendor's lien. The facts necessary to be stated are, that upon the death of their mother, Thomas R. and Wm. E. Willis were entitled to an estate, consisting of land and two negroes. They selected commissioners, and agreed upon a division of the property. Thomas R. got a negro woman, and Wm. E. got the tract of land, which was valued at $1,525 more than the negro received by Thomas.

Without going into several other transactions shown in the record, it is enough to say that the note sought to be enforced in this case was given by Wm. E. for the value of the land over and above the share of the estate received by Thomas R. in the division. Wm. E. has died, and defendant, Sarah E., as his wife, by the death of her two infant children before this bill was filed, has inherited the tract of land mentioned. The division above spoken of was a verbal one, never reduced to writing. After the death of Wm. E., Thomas R. filed his bill, 31st March, 1859, against the widow and two minor children, stating the facts above recited, with others not necessary to be here stated, praying a confirmation of the division, which ultimately was decreed by the Court, and thus the title was perfected in the heirs of Wm. E. This decree was made 7th July, 1859. It appears further, that in the bill filed by Thomas R. for confirmation of the division of the property, fixing the title in the heirs of Wm. E., he states that he had received the difference between his and his brother's share, being $1,500 in money, and in the decree of July, 1859, confirming the sale, it is recited as "appearing to the Court that he had received this difference (it being, in fact, $1,525), which was paid him by Wm. E.," and on this recital, among other things, it appears the Court based its decree confirming the sale.

On this branch of the case, and upon the above facts, we hold, that Thomas R. had a lien originally on the land for the payment of the difference in the

shares of the two brothers, the note in controversy in this case, being a balance of this debt, was a lien on the land.

But the question presents itself, whether the above recitals in the bill, and in the decree, either estop Thomas R. from insisting now that this difference was paid, or as a matter of evidence are conclusive against him. While the admissions of the bill and decree may not be a strict estoppel under the facts of this case, yet, as a matter of evidence, it must under the case of *Hamilton* v. *Zimmerman,* 5 Sneed, 47–8, be held conclusive of the payment of the consideration money. In fact, under that case, it would seem a clear estoppel as to Thomas R. Willis. Sullivan would not, it is true, be estopped technically, but he takes the note after it was due, without endorsement, only by delivery, and stands in the shoes of the party from whom he got it. In addition, it appears from the proof, as we think, he took it after the bill was filed, and probably, if not certainly, after the decree.

Under these facts, we do not see how he can stand in better condition than Willis, if he had retained the note. It is true, Willis could not have created an equity against the note after he had parted with it, but as we have said, the proof shows the note to have been traded to Sullivan after the filing of the bill to confirm the sale.

We see no way to escape the conclusion that the Chancellor's decree dismissing the bill must be affirmed with costs.